Brinkerhoff, J.
This is an action of ejectment originally brought in
the late Superior Court of Cincinnati, and appealed from thence to the district court of Hamilton county, where a verdict was had for plaintiffs. On the trial, a bill of exceptions was taken, embodying the charge of the court to the jury, and all the evidence in the case; 63] and, after verdict, a motion was made by the defendants *for a new trial, which motion was reserved for decision here.
The leading facts in the case are these:
On the 19th day of November, 1824, Joel Vanzant bought the premises in question; paid for them with his own money; and caused a deed of conveyance to be executed by the vendors directly to John Vanzant, his infant son, then only about three years old. This deed, the father, Joel, immediately caused to be duly recorded. Joel Yanzant continued to occupy the premises with his family, and made considerable improvements thereon, until the 20th day of June, 1829, when he, Joel, executed what purports to be a conveyance in fee simple of the same premises to Samuel W. Davies. Subsequently, in 1843, and while the premises were in the possession of Samuel W. Davies, they became forfeited to the state for non-payment of taxes; and were sold, and a deed was made by the county auditor, td Samuel H. Davies, the son and heir of Samuel W. Davies ; and the tax title thus created was vested in Samuel H Davies, whose heirs are now the defendants in this suit. The heirs of John Vanzant are the plaintiffs.
The grounds on which the defendants move for a new trial are:
*54 1. That the court erred in its charge to the jury respecting the effect of the auditor’s deed to Samuel H. Davies.
The facts disclosed in the bill of exceptions on this point, raise no questions at all differing from those involved in the Case of Lessee of Hannel v. Smith, 15 Ohio, 134, and the charge of the court below, was in strict accordance with the holding of the court in that case; and as we are not disposed to question the authority of that decision, it is unnecessary further to notice- this part of the case.
2. That the verdict was against the evidence and the law of the •case, and should have been for the defendants
*In the argument of counsel for defendants, in support of the [54 motion, it is assumed, that on the voluntary conveyance of the premises in question to the infant son, John, the premise^ having been paid for'by the father, Joel, a resulting trust aróse in favor of Joel; Joel being the cestui que trust, and John holding, as trustee, a mere naked legal title, without having, even in law, the right of pos•session, which is usually the accompaniment of the legal title; and hence, it is urged, tlie plaintiffs, being heirs of the trustee of the naked legal title, without the right of possession, can not recover in ejectment against the defendants, who are heirs of the assignee •of the cestui que trust.
We apprehend the presumption on which this argument proceeds can not be supported. Where a father buys land, pays for it, and causes the same to be conveyed to a child, it is, prima facie, a gift, or advancement. It will be so presumed in the absence of evidence to the contrary. Creed et al. v. The Lancaster Bank, 1 Ohio St.; Story’s Eq. Jurisp., sec. 1202. And in this case there is no evidence to the contrary, except this : there is some evidence, though not entirely satisfactory or conclusive, that Joel Vanzant caused the premises in dispute to be conveyed to his infant son, with intent thereby to defraud creditors, whom, as is said, he left behind him in New Jersey, whence he had a few years previously emigrated.
Now let it be conceded that he absconded from New Jersey to escape his creditors there, and that he caused the conveyance to be made to his infant son for the fraudulent purpose alleged, yet no trust results in his favor, or in favor of any one, except his creditors, or subsequent bona fide purchasers of the premises, without notice of the prior conveyance. Story’s Eq. Jurisp., sec. 371. *55, 56 And here, there was full constructive notice, at least, of the prior conveyance, from the absence, so far as appears, of all concealment 55] *'of its existence, and the fact that it was placed on record as soon as made.
We are of opinion, therefore, that the finding of the jury was in all respects right.
Motion overruled,, and judgment on the verdict.
Bartley, O. J., and Swan, Bowen and Scott, JJ., concurred.